STATE *vs.* WILLIAM G. COX.

Waldo. Opinion February 22, 1890.

*Intoxicating liquors. Indictment. Nuisance. Place.*

In an indictment for the offense of maintaining a liquor nuisance, an allegation that the nuisance was carried on in a certain room in a building particularly identified, is a sufficient averment of place.

*State* v. *Lang*, 63 Maine, 215, affirmed.

ON EXCEPTIONS.

The respondent filed a general demurrer to the indictment, which was joined by attorney for the state. The presiding justice overruled the demurrer and adjudged the indictment sufficient. To this ruling the respondent excepted.

*William H. Fogler,* for defendant.

The indictment charges the respondent with maintaining a

liquor nuisance, to wit: "A certain room in the Windsor Hotel, in said Belfast." The *descriptio loci* is insufficient. The alleged nuisance is not the Windsor Hotel, but "a certain room." It does not appear which room is intended. *State* v. *Lashus*, 67 Maine, 564; *Com.* v. *McCaughey*, 9 Gray, 296.

Case not like *Com.* v. *Shattuck*, 14 Gray, 23, in which it was proved that defendant occupied whole building, and used part for illegal purposes.

*Albert F. Sweetser*, county attorney, for the state.

The allegation that the nuisance on which this indictment is based, was a certain room, etc., is sufficient. Had it been alleged that the nuisance was a certain building in said Belfast, it would clearly have been good. *Com.* v. *Logan*, 12 Gray, 136; *Com.* v. *Lamb*, 1 Gray, 493; *State* v. *Lang*, 63 Maine, 215; *Com.* v. *Gallagher*, 1 Allen, 592; 2 Bish. Cr. Proc. 111.

Counsel also cited: *Com.* v. *Howe*, 13 Gray, 26; *Com.* v. *Donovan*, 16 Gray, 18. In *Com.* v. *McCaughey*, 9 Gray, 296, the decision was based upon a distinction between the words "building" and "tenement," found in the Mass. statutes.

In *State* v. *Lashus*, 67 Maine, 564, there was a variance between the indictment and proof.

PETERS, C. J. On demurrer, to an indictment for maintaining a nuisance in the sale of liquors, it is contended by the respondent that an avernment that the nuisance was maintained "in a certain room in the Windsor Hotel in said Belfast," in Waldo county, is not a sufficient description of place,—not definite enough,—inasmuch as the room is not further described by numbers or location.

In *State* v. *Lang*, 63 Maine, 215, it was held to be sufficient to allege that the nuisance was maintained in a certain shop or store in a certain town named. But it would seem to be just as definite, if not more so, to declare that the business was carried on in a certain room in a building particularly identified. Had the process been for search and seizure, a description of place, like this, might not be exact enough to ensure safety to an officer who should forcibly search a room other than the one intended by the

process. But in the trial of an indictment for the offense of nuisance, whether an allegation like the present will avail the government or not, depends wholly on the proof.

*Exceptions overruled.*

VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.